Breitel, J. (dissenting).
I would reverse and remand the issue of tainted in-court identification for a hearing.
There was a suggestive “ show-up ” identification at the time of defendant’s arrest. Had the case arisen since United States v. Wade (388 U. S. 218); Gilbert v. California (388 U. S. 263) ; People v. Brown (20 N Y 2d 238); People v. Ballott (20 N Y 2d 600) defendant would be entitled to a pretrial identification hearing; and with regard to cases tried before the precedents cited, defendant, on direct appeal, would be entitled to a post-conviction identification hearing.
The rule is not confined to Federal prosecutions. The Gilbert case (388 H. S. 263, supra) involved a State prosecution, and the court held there was constitutional error in the failure to have an independent hearing and remanded the matter for the conduct of such a hearing, the precise issue in this case, except that it arises in a collateral proceeding (388 U. S., at p. 272). Critical to a hearing in the absence of the jury is the opportunity it offers to the defendant to testify at the separate hearing.
Moreover, the issue is not compliance with the more technical requirements of the Wade-Gilbert cases about a regulated *289 lineup with counsel present hut the more serious one of a suggestive exhibition of the defendant. Thus, there is presented a vital issue affecting guilt or innocence, to which the Ballott case (20 N Y 2d 600, supra) and its rule, propounded after this case was decided, was addressed. It is the basic Ballott rule, in logic, and in fairness to prevent wrongful criminal conviction, which should be applied retroactively.
In principle, since due process doctrine affecting proof of guilt is involved, a defendant, whose conviction and direct appeal were concluded before the cases cited were handed down, is entitled to a postconviction identification hearing (cf. People ex rel. Cadogan v. McMann, 24 N Y 2d 233, esp. at p. 239).
Judges Burke, Bergan and Gibson concur with Judge Scileppi ; Judge Breitel dissents and votes to reverse in a separate opinion in which Chief Judge Fuld and Judge Jasen concur.
Order affirmed.